## THE ELBINGER SHOE MFG. CO. v. PATRICK.

*Contracts—Performance—Sales agent agrees to secure salesmen—Nonperformance of contracts by salesmen.*

A sales manager, who contracts to procure twenty-five salesmen in various parts of the United States to sell the goods of the defendant company, performs his part of the agreement when he secures contracts for the defendant company with twenty-five salesmen for that purpose, even though some of such salesmen subsequently and before performing any services under their contracts refuse to carry out such contracts with the company.

(Decided June 6, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Harmon, Colston, Goldsmith & Hoadly* and *Mr. Frank Brandon,* for plaintiff in error.

*Mr. Anthony B. Dunlap* and *Mr. Stephen R. Hollen,* for defendant in error.

BUCHWALTER, J. The defendant in error, Sherman S. Patrick, plaintiff below, brought an action against The Elbinger Shoe Manufacturing Company for money alleged to be due under a verbal contract entered into with E. H. Elbinger, as president of said company.

It was alleged that Patrick entered the employment of the company on or about the 1st day of January, 1919, as a sales manager, under an agreement whereby he was to receive a monthly salary, and, in addition thereto, a lump sum, as bonus, the amount and time of payment of which were to be later determined by the conduct and management

of the business and the increase in sales effected by him. It was further alleged that his management was successful and very profitable to the, company; that in May, 1919, he advised the company that he wished to terminate his employment and desired that the question of the bonus be then fixed and determined; and that on or about the first day of June, 1919, the defendant company then entered into a verbal contract as follows:

"That if the plaintiff would outline and prepare the sales campaign for said company for the fall and spring trade, and procure twenty-five salesmen in the various parts of the United States to sell the shoes of said defendant's make to the trade, that in view of a successful spring and fall trade showing, and of his preparation for said fall and spring selling campaign, and the procuring of twenty-five salesmen, as aforesaid, the defendant would on the first day of September, 1919, pay to the plaintiff as a bonus, in addition to plaintiff's monthly salary, the sum of $2000."

Plaintiff avers he thereupon remained and continued to act as sales manager, outlined the sales campaign and procured the twenty-five salesmen.; and that the company, on August 20, 1919, notified him it would not pay the bonus and that his services were terminated.

His monthly salary was paid to September 1, 1919.

The answer denies any contract except as to the agreement of January 1, 1919, employing Patrick as a sales manager at a monthly salary.

Judgment was obtained by the plaintiff in the court of common pleas, and error is prosecuted here to reverse that judgment.

The errors assigned are:

That there was no evidence of a contract, nor of performance, as averred.

That the verdict is against the weight of the evidence.

That the court erred in failing to give the special charge requested after the general charge.

The record contained evidence, not only of the entering into the contract, as alleged, but also of the substantial performance by the plaintiff, according to the terms thereof. We do not find that the verdict is not sustained by sufficient evidence, nor that it is manifestly against the weight of the evidence.

The special charge offered by plaintiff in error, after the court had given the general charge, is as follows:

"If the jury find from the evidence that the plaintiff entered into a contract with the defendant whereby he agreed to procure for the defendant twenty-five salesmen in various parts of the United States to sell the shoes of the defendant, and if the jury further find that the plaintiff entered into contracts on behalf of the defendant, or procured the defendant to enter into contracts with salesmen for that purpose; and if the jury further find from the evidence that some of such salesmen, after entering into such contracts, and before beginning to perform any services thereunder, refused to carry out such contracts, then the jury are instructed that

such salesmen are not to be included in the number of twenty-five salesmen as being a performance of such contract."

This charge was properly refused for the reason that all the plaintiff was required to do as to the salesmen was to procure twenty-five salesmen under contract. These contracts, when procured by Patrick, were submitted to and accepted by the company. If, after a contract was entered into between a salesman and the defendant company, and such salesman refused for some reason, not the fault of the plaintiff, to carry out his individual contract with the company, this would not defeat the rights of plaintiff under his contract. The court in its general charge covered the subject very fully as to the amount of evidence required and the matters which the jury should find before the plaintiff was entitled to recover.

We find no error prejudicial to the plaintiff in error.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.